*Hallam, for appellant.*

*Stevenson & Myers, for appellee.*

----

## BELL & MARLAY v. JAMES COCHAM.

Accounts and Accounting—Set-off and Counter-claim, by Reason of Defects—Waiver.

    To a suit on account, and a set-off is filed, for defects, in the machinery bought, the fact that the defendant had ordered new parts for the machinery, to put it in perfect condition, is not a waiver of his original claim for defects, unless the quality and kind of parts ordered were furnished.

APPEAL FROM FLEMING CIRCUIT COURT.

September 29, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

It is contended for the appellants that if the mills were

defective, as the evidence conduces to show, the appellee's letters of August 30th, 1867 and September 11th, 1867, bound him to pay the balance of the appellant's account of 1866, upon compliance with his request for new rollers and boxes, and that this was a new contract which waived objections to defects in the property as at first furnished. But admitting this and that new rollers and boxes were sent, the appellant in order to bind the appellee by his letters were bound to furnish the quality and kind of rollers and boxes that were ordered, or the furnishing of them did not waive the previous objections of the appellee. The proof conduces to the belief that the new articles furnished were as defective as those they were intended to replace, and that the appellee rejected them as he had a right to do.

The counter claim and partial failure of the original consideration, were therefore properly considered. And upon the evidence thus rightly heard, we think the judgment was as favorable to the plaintiffs as they had any right to expect.

Wherefore the judgment is *affirmed*.

*Cord,* for appellant.

*Givens & Anderson,* for appellee.